## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA DUANE BUTLER, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 20-240-RAW-SPS |
| MARCIA MAXWELL, et al., | ) |
| Defendants. | ) |

### OPINION AND ORDER

Plaintiff, a pro se pretrial detainee who is incarcerated at the Okmulgee County Jail in Okmulgee, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking relief for alleged constitutional violations related to his criminal proceedings and his incarceration. The defendants are Marcia Maxwell, Hughes County Sheriff; Edward Smock, Hughes County Deputy; Joe Chitwood, Wetumka Police Chief; Mitch Smith of the Oklahoma Bureau of Narcotics and Dangerous Drugs; David Cook of Wewoka Police Department; Kile Turley, Hughes County Deputy; Jason Wilson, Wetumka Police Officer; Cody Wright, Wetumka Police Officer; and Rhett Butner, Attorney.

Plaintiff references Hughes County District Court Case No. CF-2019-129. He alleges that on April 24, 2019, the officers showed up without a search warrant at 2411 South Highway 75 in Wetumka, Oklahoma, and later returned with a warrant for Plaintiff's father's property. Although Plaintiff's allegations are unclear, he asserts that when it was discovered that law enforcement came to his property without a warrant, Defendant Attorney Rhett Butner was appointed to represent Plaintiff. Plaintiff clams the case should have been thrown out, however, he has been sitting in jail and fighting the charges for eight months.

Plaintiff has requested relief in the form of dismissal of Case No. CF-2019-129 and monetary damages of $100,000 for his costs and suffering (Dkt. 1 at 7). A plaintiff who

seeks compensatory damages for his alleged unconstitutional incarceration first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Plaintiff has not made this showing.

"[A] a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (citations omitted). Federal courts, however, are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998). Here, the Court find that abstention is proper.

In Oklahoma, a remedy for unlawful detention is available through the writ of habeas

corpus in the state courts. *See* Okla. Stat. tit. 12, § 1344 ("The writ [of habeas corpus] may be had for the purpose of letting a prisoner to bail in civil and criminal actions."). *See also* Okla. Stat. tit. 12, § 1331 ("Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."). The records of the Oklahoma State Courts Network show that Petitioner has not sought state habeas corpus relief or established that state court remedies are unavailable for Case No. CF-2018-374.[1]

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is DENIED AS MOOT.

**IT IS SO ORDERED** this 24th day of July 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).